Curia, per

Wardlaw, J.
By examining the declaration in this case, I have ascertained that, after reciting that the defendant was “ attached to answer to M. S. Ball & Henry Pray, merchants, co-partners, trading under the firm of M. S. Ball & Co.,” it proceeds, M. S. Ball & Co. “ complain and allege the indorsement of the note,” “the liability,” “the promise,” and the damage, all to “M. S. Ball <fe Co.” It is impossible, then, that the plaintiffs can prevail upon the ground that the description of themselves as co-partners was surplusage; they have stated no right in themselves, if they be not designated by the style of “ M. S. Ball & Co.;” and if that style properly includes another as well as themselves, the non-joinder of that other is plainly fatal, as the Recorder has shewn.
It is true, that where several persons sue as indorsors of a bill or note, if the indorsement appear to be in blank, it will be held to convey a joint right of action to as many as agree in sueing, and shew their right, by producing the bill or note. 1 Stark. Rep. 446. If these two plaintiffs had, in their suit, alleged the right of action to be in themselves, their exclusive right would have been presumed, even although it had been made to appear that the note had once belonged to a firm of which they and other persons were members ; the transfer from the firm to them would, prima facie, have been implied from their possession and joining in the suit, just as if the note had been made payable to bearer. 6 Moore, 579. Even there, however, distinct proof that still the note belonged to the firm, would have destroyed their right of action, as it would that of any other person but the true owners. 1 Stark. Rep. 499.
As, however, the plaintiffs, by their allegation, claim the right of action to be in M. S. Ball & Co., and their proof has shewn tha,t they alone do not’compose that firm, the non-suit was properly ordered.
The motion is dismissed.
Richardson, O’Neall, Bdtler, Evans and Frost, JJ. concurred.